UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
SECUNDA ANN WILLIAMS,                    :    CASE NO. 1:17-CV-02471
                                         :
      Plaintiff,                         :
                                         :
vs.                                      :    OPINION & ORDER
                                         :    [Resolving Doc. No. 1]
FIRST REALTY PROPERTY                    :
MANAGEMENT COMPANY,                      :
                                         :
      Defendant.                         :
                                         :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Secunda Ann Williams filed this action against the First Realty Property Management Company ("First Realty"). The Complaint is largely incoherent. It appears Plaintiff is claiming First Realty has not forwarded rent collected for multiple condominiums; however, she does not suggest what legal interest, if any, she has in these properties. She indicates she is the administrator and only beneficiary of her mother's estate, which consisted solely of the proceeds from a wrongful death lawsuit.[1] She also references a foreclosure but indicates it is not related to any of these properties. Plaintiff asserts violations of the Hobbs Act, 18 U.S.C. § 1951, and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. She does not specify the relief she seeks.

    Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law

---

[1] See the *Estate of Annie Lee Williams*, Case No. 2015 EST209039 (Cuyahoga Cty Probate Ct. filed July 27, 2015.

or fact.[2] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[3] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles her to the relief she seeks.[4] This does not mean she is required to allege the facts of her Complaint in great detail, but she still must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."[5] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[6] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[7]

Plaintiff fails to state a claim under either of the two statutes she cites in her Complaint. The Hobbs Act is a criminal statute pertaining to robbery or extortion affecting interstate commerce.[8] It does not give rise to a private right of action in a civil case.[9] While RICO does provide a private right of action, it requires the Plaintiff to allege that a person, associated with an enterprise that is engaged in interstate commerce, conducted or participated in the affairs of the enterprise through a pattern of racketeering activity.[10] Under RICO, a business or corporation cannot be both the "person" responsible for violation of the statute and the alleged criminal "enterprise" itself.[11] Plaintiff does not include facts suggesting the existence of an enterprise

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[3] *Neitzke*, 490 U.S. at 327.
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[5] *Id.* at 678.
[6] *Id.*
[7] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[8] 18 U.S.C. § 1951
[9] *Kissi v. U.S. Dep't of Justice*, 793 F. Supp. 2d 233, 235 (D.D.C. 2011)(listing similar case citations)
[10] 18 U.S.C. § 1962(c).
[11] *Palmer v. Nationwide Mut. Ins. Co.*, 945 F.2d 1371, 1373 (6th Cir.1991); *Newmyer v. Philatelic Leasing, Ltd.*, 888 F.2d 385, 397 (6th Cir.1989); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1297 (6th Cir. 1989).

separate from First Realty's own employees or agents. Furthermore, RICO requires Plaintiff to identify a "pattern of racketeering activity." A pattern requires at least two acts.[12] Here, Plaintiff does not allege First Realty engaged in any racketeering activity.

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[13]

IT IS SO ORDERED.

Dated: March 28, 2018          *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[12] 18 U.S.C. § 1961(5).
[13] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.